

The Law Offices of
**PHILLIPS & BORDALLO**
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"



FILED
DISTRICT COURT OF GUAM
JUL 13 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00009 |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT'S STATEMENT REGARDING PRESENTENCE INVESTIGATION REPORT** |
| DAVID C.P. SANTOS, ) | |
| Defendant. ) | |

David C.P. Santos (hereinafter "Defendant"), through his attorneys of record Phillips & Bordallo, P.C., by Michael F. Phillips, files the following statement regarding the Presentence Investigation Report and specifically the availability of home detention in lieu of incarceration.

The Report, Paragraph 70, provides that should the Court choose to incarcerate Defendant, the advisory guideline imprisonment range is four (4) to ten (10) months. Further, the report provides pursuant to the Sentencing Table:

> ...the minimum term may be satisfied by a sentence of imprisonment; or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e) provided that at least one month is satisfied by imprisonment; <u>or a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, **or home detention for imprisonment**.</u>

The Schedule of Substitute Punishments in U.S.S.G. §5C1.1(e) provides that home detention of one (1) day substitutes for one (1) day imprisonment.

The Guidelines specify that "[h]ome detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." U.S.S.G. § 5F1.2. Commentary[1] to § 5F1.2 describes at length recommended terms for home detention:

1. "Home detention" means a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office. When an order of home detention is imposed, the defendant is required to be in his place of residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and such other times as may be specifically authorized. Electronic monitoring is an appropriate means of surveillance and ordinarily should be used in connection with home detention. However, alternative means of surveillance may be used so long as they are as effective as electronic monitoring.

2. The court may impose other conditions of probation or supervised release appropriate to effectuate home detention. If the court concludes that the amenities available in the residence of a defendant would cause home detention not to be sufficiently punitive, the court may limit the amenities available.

3. The defendant's place of residence, for purposes of home detention, need not be the place where the defendant previously resided. It may be any place of residence, so long as the owner of the residence (and any other person(s) from whom consent is necessary) agrees to any conditions that may be imposed by the court, e.g., conditions that a monitoring system be installed, that there will be no "call forwarding" or "call waiting" services, or that there will be no cordless telephones or answering machines.

*Background:* The Commission has concluded that the surveillance necessary for effective use of home detention

---

[1] Guideline commentary is generally accorded controlling weight unless it is plainly erroneous, inconsistent with a directive of Congress, or unconstitutional. Stinson v. United States, 508 U.S. 36, 45, 123 L.Ed.2d 598, 113 S.Ct. 1913 (1993).

ordinarily requires electronic monitoring. However, in some cases home detention may effectively be enforced without electronic monitoring, e.g., when the defendant is physically incapacitated, or where some other effective means of surveillance is available. Accordingly, the Commission has not required that electronic monitoring be a necessary condition for home detention. Nevertheless, before ordering home detention without electronic monitoring, the court should be confident that an alternative form of surveillance will be equally effective.

In the usual case, the Commission assumes that a condition requiring that the defendant seek and maintain gainful employment will be imposed when home detention is ordered.

The Plea Agreement in this matter provides in relevant part:

> 3(b). If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

This provision in the Plea Agreement is affirmed in the Report. Defendant has by all accounts fully cooperated with the government. The government has in turn adopted the recommendations in the Report. Accordingly, the parties are in agreement that a sentence providing for home detention in lieu of incarceration is available to Defendant and the Court has the discretion to impose such a sentence.

In light of the circumstances of this case, Defendant's full cooperation, his consistent compliance with his release conditions, and the government's adoption of a recommendation for minimum incarceration, Defendant asks this Court to consider a sentence providing for home detention rather than incarceration, as it fulfils the requirements of law, the recommendation of the guidelines, and accounts for the nuance of this case. Defendant is not advocating a departure from the guidelines; rather, Defendant requests the Court impose a

sentence within the guidelines range and consistent with the recommendations and expectations of both parties.

Respectfully submitted this 13th day of July, 2007.

                                        **PHILLIPS & BORDALLO, P.C.**
                                        Attorneys for Defendant

                                        By: _____
                                              **MICHAEL F. PHILLIPS**